**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 95-80417

    HONORABLE DENISE PAGE HOOD

GREGORY FREEMAN,

    Defendant.
_____/

## ORDER DENYING MOTION TO EXPUNGE CRIMINAL CONVICTION

This matter is before the Court on Defendant Gregory Freeman's Motion to Expunge Criminal Conviction filed September 18, 2012. The docket sheet indicates that on May 16, 1995, an Indictment was filed charging Mr. Freeman with Distribution of Heroin, 21 U.S.C. § 841(a)(1) and Attempted Distribution of Heroin, 21 U.S.C. § 841(a)(1) and 846. A jury found Mr. Freeman guilty on both counts on August 29, 1995. The attempted distribution count was dismissed by the Court. Mr. Freeman was sentenced to a custodial term of 21 months. The judgment was affirmed by the Sixth Circuit Court of Appeals on June 10, 1997. The Court denied Mr. Freeman's Motion to Vacate Sentence under 28 U.S.C. § 2255 on August 31, 1998.

Mr. Freeman asserts that he is seeking expungement of his criminal conviction so that he will be able to travel, search for employment and have a clean record. Because he is a disabled person living alone, Mr. Freeman claims he needs to purchase "protection" for his home. (Doc. No. 68)

In *United States v. Doe,* 556 F.2d 391, 393 (6th Cir. 1977), the Sixth Circuit, in denying expungement, stated that federal courts have "inherent equitable powers ... to order the expungement of a [criminal] record in an appropriate case." Since *Doe,* the Sixth Circuit has noted that it had not

put forward a standard to resolve which cases are "appropriate," but has stated that the power is to be used "only in extreme circumstances." *United States v. Robinson,* 79 F.3d 1149, 1996 WL 107129, *1 (6th Cir. Mar. 8, 1996). The power to expunge has been invoked with regard to "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct." *Id.* at *2. Courts have not granted expungement based on the inability to obtain employment, to legally possess firearm, and to become a lawful citizen of the United States, even though the a defendant has attained many accomplishments since the conviction and has lived a law abiding life. *See United States v. Saah,* 2007 WL 734984 (E.D. Mich. Mar. 8, 2007); *United States v. Ursery,* 2007 WL 1975038 (E.D. Mich. Jul. 2, 2007); *United States v. Lind,* 2006 WL 2087726 (E.D. Mich. Jul. 25, 2006).

Based on Mr. Freeman's motion, it appears he has lived as a law-abiding and productive citizen since his conviction. While the Court understands Mr. Freeman's desire to have a "clean record," Mr. Freeman's situation does not support expungement of his conviction.

Accordingly,

IT IS ORDERED that Defendant's Motion to Expunge his Criminal Conviction (**Doc. No. 68, 9/18/2012**) is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager